UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL W. CHIU,                    :
                                    :
      Plaintiff,                    :
                                    :
V.                                  :   CASE NO. 3:03-CV-1150(RNC)
                                    :
JOHN AU, UNION CARBIDE, INC.        :
and PRAXAIR, INC.,                  :
                                    :
      Defendants.                   :

RULING AND ORDER

Plaintiff, a Canadian resident proceeding pro se, brings this action seeking damages for alleged violations of his rights under federal and state law.  Defendant John Au, a citizen of Canada residing in China, has moved to dismiss the action against him because of improper service and lack of personal jurisdiction. Defendant Union Carbide, Inc. ("UCC") has filed a motion for judgment on the pleadings, which defendant Praxair, Inc. has joined, and Praxair has filed a motion for summary judgment.  With regard to both motions, plaintiff has failed to submit a memorandum in opposition.  In addition, UCC and Praxair have moved to dismiss the action based on plaintiff's continuing violation of court orders requiring him to make himself available for deposition in Connecticut.  In May, plaintiff was warned that unless he promptly contacted defense counsel to arrange to be deposed in Connecticut, the motion to dismiss based on his noncompliance would be granted. Plaintiff has responded by making it clear that he has no intention of complying and should not be required to do so because he is

willing to be deposed by telephone.  For reasons stated below, the defendants' motions are granted and the case is dismissed.

Background

The court accepts as true the following allegations taken from the complaint.  Plaintiff is a Canadian citizen residing in Toronto.[1]  He is no stranger to the American judicial system. Defendants cite twenty-four other actions plaintiff has filed in federal district courts across the country from coast to coast. One of those prior actions was filed in this court against the present defendants.  See Chiu v. Au, No. 3:02CV2081(GLG), 2003 WL 21003441, at *1 (D. Conn. Mar. 28, 2003).  Judge Goettel dismissed the case due to lack of subject matter jurisdiction.[2]

The present complaint is often unintelligible.  However, the core of the complaint appears to be a defamation claim under Connecticut law.  In this regard, plaintiff alleges that defendant Au, a former college classmate of his in Canada, has made numerous statements about him that are racially charged, obscene, and derogatory.  In addition, he alleges that UCC and Praxair are

_____

[1]Plaintiff has filed an "Amended Statement of Jurisdiction and Parties" (Doc. # 13).  The amended statement notes that plaintiff is a "seasonal" resident of Canada and Montana.  This appears to be an attempt to allege a basis for diversity jurisdiction premised on residency in Montana.  Plaintiff's assertion is insufficient to establish Montana residency.  See Mont. Code Ann. § 1-1-215 (2005).  Accordingly, the court considers plaintiff to be a resident of Canada for diversity purposes, as alleged in the complaint.

[2]Judge Goettel specifically stated that no claim was presented pursuant to 42 U.S.C. § 1983.  Nevertheless, plaintiff attempts to bring the claim again in this case.

vicariously liable for Au's defamatory statements because they employed Au when the statements were made.  The complaint includes as an attachment a letter plaintiff sent to UCC's president in March 2000 detailing his understanding of the specific comments that had been made about him by Au.  (Compl. Ex. C.)

Plaintiff's complaint in this action was filed on July 1, 2003, more than three years after he complained to UCC's president about the alleged statements at issue.  He was granted leave to proceed in forma pauperis.  The only address he gave the U.S. Marshal's Service for service of process on the defendants was the address of Praxair's corporate headquarters in Danbury.  On October 8, 2003, summonses for all three defendants were hand delivered to an administrative assistant at that address, and she accepted service on behalf of all three of them.  Praxair and UCC have waived service; Au has not.

<u>Defendant Au's Motion to Dismiss (Doc. # 84)</u>

Defendant Au moves pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12 (b)(5) to be dismissed from the action for lack of personal jurisdiction and insufficiency of service of process.  He submits an affidavit in which he states that he is a citizen of Canada; lives and works in China; owns no real property in the United States; has never been in Connecticut except for one visit while on vacation; receives no income from Connecticut; and did not authorize Praxair or its employees to accept service of

process on his behalf.  In response, plaintiff asserts that Au "conducts and transacts business in the jurisdictional district of Connecticut."  (Pl's Am. Statement of Jurisdiction and Parties ¶ 2.).  He also asserts that service was properly accepted by Praxair's employee as Au's agent.

Whether plaintiff's assertion that Au conducts business in this District satisfies his burden on the issue of personal jurisdiction need not be decided because he has plainly failed to meet his burden on the issue of service of process, which is heavier.  See Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), aff'd 173 F.3d 844 (2d Cir. 1999). Plaintiff offers nothing to show that Praxair's employee was authorized to accept service for Au except his own assertion.  More is required to overcome Au's sworn statement to the contrary, particularly since it would be quite unusual for an individual in Au's position to authorize strangers to act as his agents for receipt of service of process.

A pro se plaintiff proceeding in forma pauperis is generally entitled to rely on service by the U.S. Marshal.  See Romandette v. Weetabix Co., Inc., 807 F.2d 309, 311 (2d Cir. 1986).  However, "incomplete or improper service will lead the court to dismiss the action unless it appears that proper service may still be obtained."  Id. (quoting and adding emphasis to Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972)).  Both these Second Circuit

4

cases cite with approval a passage from <u>Stanga v. McCormick Shipping Corp.</u>, 268 F.2d 544 (5th Cir. 1959):

> There may well come a time in which the Trial Court, in the administration of the affairs of the Court, sees that there is simply no reasonably conceivable means of acquiring jurisdiction over the person of a defendant. When that time comes it may be proper to dismiss the cause. But, on this record, relating to one single attempted service of process, that point has not yet been reached.

<u>Id.</u> at 554; <u>see also</u> <u>Romandette,</u> 807 F.2d at 311 (citing the above passage but omitting the reference to a single attempt at service); <u>Grammenos</u>, 457 F.2d at 1071.

Though only one attempt at service has been made here, it is abundantly clear that plaintiff's attempt to proceed against Au in this court is doomed to fail. Even assuming Au can be sued here under Connecticut's long arm statute, Conn. Gen. Stat. § 52-59b (which is not the case in light of his affidavit), and even assuming he could be required to defend the action without violating due process (<u>but see</u> <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)), there is another reason why it would be pointless to call upon the U.S. Marshal to undertake a second attempt at service of process. Even if Au were properly served, his presence as a defendant in the case would result in a lack of

complete diversity of citizenship among the parties requiring that the action be dismissed for lack of subject matter jurisdiction. See <u>Corporacion Venezolana de Fomento v. Vintero Sales Corp.</u>, 629 F.2d 786, 790 (2d Cir. 1980).[3]

Accordingly, Au's motion to dismiss for improper service is granted.

<u>Motion for Judgment on the Pleadings (Doc. # 102)</u>

The corporate defendants have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dismissal is appropriate only if it is clear beyond doubt that plaintiff can prove no set of facts entitling him to relief. See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002). In assessing the legal sufficiency of the complaint, plaintiff's factual allegations must be accepted as true. See <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002). The court may also consider "documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Samuels v. Air Transp. Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993). While "the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996). Moreover, under Local Rule 7(a)1, plaintiff's failure to submit a memorandum in opposition may

---

[3]   Jurisdiction would be lacking, even though plaintiff purports to plead numerous claims for relief based on federal law, because no such claim is pleaded.

be deemed sufficient cause to grant the motion unless the pleadings provide sufficient grounds to deny the motion.

UCC's memorandum in support of its motion demonstrates that the corporate defendants are entitled to judgment on the pleadings with regard to each and every federal claim one could possibly glean from a liberal construction of the complaint.  No useful purpose would be served by repeating UCC's arguments.

With regard to plaintiff's defamation claim, defendants have demonstrated that the statements about which he complains were published more than two years before the filing of the complaint and are therefore time-barred by the two year statute of limitations applicable to defamation claims in Connecticut.  See Conn. Gen. Stat. § 52-597 (2005).[4]  To the extent plaintiff's allegations can be liberally construed to suggest the presence of a state law claim for any other tort, any such claim is time-barred by the three year statute of limitations for actions founded on a tort.  See Conn. Gen. Stat. § 52-577 (2005).  This is clearly the case in light of plaintiff's letter to UCC's president in March 2000, which makes the same allegations presented here.  (Compare Compl. ¶ 8 with Compl. Ex. C.).

Accordingly, the motion for judgment on the pleadings is granted, in the absence of opposition, for good cause shown.

---

[4]  Plaintiff alleges in conclusory terms that the defamation against him is ongoing.  This allegation is too vague to state a claim for relief that is not barred by the statute of limitations.

Praxair's Motion For Summary Judgment (Doc. #106)

Praxair's motion for summary judgment differs from the motion for judgment on the pleadings because it obliges plaintiff to produce evidence showing that he could prove the essential elements of his claims if the case were tried.   He has not done so. Accordingly, Praxair's motion for summary judgment is also granted.

Motion To Dismiss For Failure to Comply With Orders (Doc. #100)

In January of this year, Magistrate Judge Martinez denied plaintiff's request to be deposed by telephone and ordered him to appear in Connecticut for his deposition (Doc. # 97).   Plaintiff failed to comply.  UCC and Praxair then moved to dismiss the action based on his noncompliance.   In accordance with the strong policy favoring dispositions on the merits, and in an effort to avoid dismissing plaintiff's action based on a procedural default, I issued an order requiring him to promptly contact defense counsel to make arrangements for his deposition in Connecticut and to notify the court in writing that he had done so.   The order notified plaintiff that if he failed to comply, the motion to dismiss would be granted.   Plaintiff did not comply with this order either. Instead, he submitted a "response" to the order stating that it would be a financial hardship for him to come to Connecticut, as well as inconvenient, and requesting once again that the deposition be done by telephone.   Defendants objected.   Plaintiff then filed a response to their objections.   His response  makes it abundantly

clear that he will not come to Connecticut as ordered. His asserted justifications are the cost and inconvenience of travel, the feasibility of conducting a deposition by telephone, and the court's obligation to avoid unduly burdening pro se litigants who are proceeding in forma pauperis.

A district judge's discretion to dismiss a pro se complaint for reasons unrelated to the merits is significantly limited, and properly so. See LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). But plaintiff misconceives the extent to which his pro se status entitles him to do as he pleases. No plaintiff has the freedom to refuse to appear for a deposition just because a telephone deposition is feasible. In-person depositions are the norm, and the defendants are well within their rights to insist on having an opportunity to depose the plaintiff face-to-face. Moreover, plaintiff's reliance on the cost and inconvenience of travel is unconvincing. As noted at the outset, he claims to be a "seasonal" resident of Montana. Since he is able to make the journey from Toronto to Montana, he has no excuse for failing to come to Connecticut as ordered by the court.

In assessing defendants' motion to dismiss for noncompliance with the court's orders, it is helpful to consider the factors a district court must consider in deciding whether to dismiss a case for failure to prosecute. See Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988). Taking those

factors in turn, dismissal is necessary and proper in this instance in view of (1) the duration of plaintiff's noncompliance; (2) his receipt of written notice from the court that further noncompliance would result in dismissal; (3) the prejudice to the defendants of permitting plaintiff to continue to subject them to the burdens of litigation while impeding the progress of the litigation; (4) the balance between the court's interest in being able to move on from this case to provide service to parties in other cases (including pro se parties with potentially meritorious claims) and plaintiff's interest in maintaining this action (his twenty-fifth in federal court) without actually prosecuting it; the futility of the court's previous attempts to bring about compliance with its orders; and the lack of any sanction short of dismissal that can reasonably be expected to bring about compliance now.

Accordingly, the motion to dismiss is granted.

Conclusion

For the foregoing reasons, defendant Au's motion to dismiss (Doc. # 84) is granted; the corporate defendants' motion for judgment on the pleadings (Doc. # 102) is granted; Praxair's motion for summary judgment (Doc. # 106) is granted; and the corporate defendants' motion to dismiss for failure to comply with court orders (Doc. # 100) is granted. The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 29th day of September 2005.

```
_____/s/_____
      Robert N. Chatigny
United States District Judge
```